UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABRAHAM G. PINZON,

      *Plaintiff*,

  v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

      *Defendants*.

Civil Action No. 1:23-cv-02012 (UNA)

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss this action.

Plaintiff's complaint against the U.S. Department of Health and Human Services (HHS), federal district courts in California, and state and local governmental entities consists of allegations seemingly related to claimed embezzlement of funds from his social security disability insurance. Compl. at 1. He also claims that a regional manager of HHS is involved in a conspiracy to "deprive & intimidate" him. *Id.* at 2. Plaintiff refers to an attached letter from the manager informing him that HHS declined to investigate a civil rights complaint because it "does not have jurisdiction over Mendocino County Sheriff Office." Compl. Ex. B. Plaintiff appears to assert that this decision can support a claim under 42 U.S.C. §§ 1983, 1985, and 1986. Compl. at 4. He also claims that he has been discriminated against in violation of the Americans with Disabilities Act, without specific factual allegations relevant to that claim.

1

To plausibly state a claim upon which relief can be granted, a plaintiff must plead sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's reliance on the decision of a federal agency not to investigate a civil rights complaint over which it has no jurisdiction does not meet this standard. Plaintiff's allegations against the California Department of Health Care Services and the Mendocino County Health and Human Services Agency—including vague allegations of fraud and submission of false claims—similarly do not satisfy applicable pleading standards. *See* Compl. at 3. Plaintiff has also failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

To the extent that Plaintiff seeks relief from orders issued in the Northern and Eastern Districts of California, this district court lacks jurisdiction to review another district court's decisions. *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Consequently, this case will be dismissed by separate order.

DATE: August 15, 2023

CARL J. NICHOLS
United States District Judge